CRAWLEY, Judge,
dissenting.
The court’s holding states Alabama law as it should be, and I would like to concur in the opinion. I must dissent, however, because this court is bound to apply the law as it is — not as it should be.
The former husband was married to the mother at the time the child was born; he is, therefore, presumed to be the child’s father. See § 26-17-5(a)(l), Ala.Code 1975. When the mother filed a petition to have J.P.C., a man other than her former husband, declared the father of the child, the mother’s action was brought for the purpose of declaring the nonexistence— not the existence — of a presumed relationship between the child and the mother’s former husband.
The five-year limitations period of § 26-17-6(a), Ala.Code 1975, does not apply to an action to establish the nonexistence of a relationship presumed on account of marriage. In Ex parte Jenkins, 723 So.2d 649 (Ala.1998), our supreme court held that the five-year statute of limitations applicable to an action to establish the existence of the father-child relationship based on the marriage presumption is not applicable to an action to establish the nonexistence of that relationship. In Jenkins, the court stated:
“Section 26-17-6(a) expressly limits to five years after a child’s birth an action to declare the ‘existence’ of the father and child relationship presumed under § 26-17-5(a)(l), (2), or (3). Had the Legislature intended the five-year limitations period to apply to an action to establish the ‘non-existence’ of the relationship, it would have included the term ‘non-existence’ in § 26-17-6(a), as it did in § 26-17-6(b). The choice to exclude the word ‘non-existence’ in § 26-17-6(a) indicates that the Legisla *492 ture did not intend to impose a strict five-year limitations period on actions brought to challenge a presumption of paternity.”
723 So.2d at 653 (emphasis in original).
This court’s holding that the mother’s paternity action was time barred by § 26-lT — 6(a) directly conflicts with Jenkins and is contrary to Alabama law. I will explain why I think the holding states the law as it should be, however, in the hope either that our Legislature will amend the statute or that the Alabama Supreme Court will reconsider the issue.
Neither the parties nor the court has addressed the issue of the mother’s right to bring the action she did: a challenge to her former husband’s paternity of the child. The unstated assumption seems to be that her right to bring the challenge derives from the Alabama Uniform Parentage Act (“AUPA”), § 26-17-1 et seq. That assumption is faulty. The AUPA, as enacted by our Legislature in 1984, simply does not allow a mother to file an action to challenge her former husband’s paternity relationship, or to declare its nonexistence. Oddly enough, the statute allows an action only to affirm the husband’s paternity relationship, or to declare its existence. Section 26-17-6(a) provides:
“A child, a child’s natural mother, or a man presumed to be its father under subdivision (1), (2), or (3) of Section 26-17-5(a) may bring an action within five years of the birth of said child for the purpose of declaring the existence of the father and child relationship presumed under subdivision (1), (2), or (3) of Section 26-17-5(a).”
(Emphasis added.) Although the mother may have a right derived from a source other than the AUPA — such as the Declaratory Judgments Act — she has no right under the AUPA to challenge a parental presumption in favor of her former husband for the purpose of showing that the presumed father is not the biological father. That gap in the AUPA seems strange, especially in light of the stated purpose of the AUPA to extend the parent and child relationship “equally to every child and to every parent, regardless of the marital status of the parents.” See § 26-17-3, Ala.Code 1975. “[T]he ultimate objective of the UPA is to promote full equality for all children.” Ex parte Presse, 554 So.2d 406, 411 (Ala.1989).
A number of jurisdictions, including Alabama, have adopted the 1973 Uniform Paternity Act (“UPA”). See 1973 U.P.A., Table of Adopting Jurisdictions, 9B Uniform Laws Annotated 287 (1987). Under Alabama’s version of the UPA, if a child has a presumed father as a consequence of the marriage presumption, then the only action authorized by § 26-17-6 is one to declare the existence of the father and child relationship. The statutory restriction in § 26-17-6, which limits a woman in the mother’s position to affirming her husband’s/former husband’s paternity relationship and does not allow for a challenge to that relationship, is illogical and unfair. It is illogical because it provides a superfluous cause of action to declare the existence of a relationship that is already presumed in law. It is unfair because it provides no cause of action to dispute— that is, to declare the nonexistence of — a father and child relationship between a man and a child born during that man’s marriage to the child’s mother.
The majority of this court reverses the judgment based on the mother’s untimely filing of her complaint, but it should be noted that, under Alabama’s version of the UPA, even if the mother had sued the day after the child was born, the lawsuit still would have been unauthorized by the AUPA because the mother’s action was brought for the purpose of declaring the *493 nonexistence — not for the purpose of declaring the existence — of a presumed relationship between the child and the mother’s former husband.
I suggest that the anomalies inherent in § 26-17-6 are due to the fact that when our Legislature adopted § 26-17-6(a), it used the word “existence” instead of the word “nonexistence” that is found in the corresponding section of the UPA, drafted and approved by the National Conference of Commissioners on Uniform State Laws. Sections 26-17-1 et seq., Ala.Code 1975, for the most part, mirror the corresponding sections of the UPA. See 1973 U.P.A., General Statutory Notes, 9B Uniform Laws Annotated 290 (1987) (noting that “the Alabama act is a substantial adoption of the major provisions of the Uniform Act,” but also noting that the Alabama act “departs from the official text” in some instances).
A significant departure from the official text is found by comparing § 26-17-6(a) of the Alabama act (using the word “existence”) with § 6, subsection (a)(2) of the Uniform Act (using the word “nonexistence”). For comparison purposes, I will set out both sections in their entirety:

The Uniform Parentage Act

“ § 6. [Determination of Father and Child Relationship; Who May Bring Action; When Action May Be Brought]
“(a) A child, his natural mother, or a man presumed to be his father under Paragraph (1), (2), or (3) of Section 4(a), may bring an action
“(1) at any time for the purpose of declaring the existence of the father and child relationship presumed under Paragraph (1), (2), or (3) of Section 4(a); or
“(2) for the purpose of declaring the non-existence of the father and child relationship presumed under Paragraph (1), (2), or (3) of Section 4(a) only if the action is brought within a reasonable time after obtaining knowledge of relevant facts, but in no event later than [five] years after the child’s birth. After the presumption has been rebutted, paternity of the child by another man may be determined in the same action, if he has been made a party.
“(b) Any interested party may bring an action at any time for the purpose of determining the existence or non-existence of the father and child relationship presumed under Paragraph (4) or (5) of Section 4(a).
“(c) An action to determine the existence of the father arid child relationship with respect to a child who has no presumed father under Section 4 may be brought by the child, the mother or personal representative of the child, the [appropriate state agency], the personal representative or a parent of the mother if the mother has died, a man alleged or alleging himself to be the father, or the personal representative or a parent of the alleged father if the alleged father has died or is a minor.
“(d) Regardless of its terms, an agreement, other than an agreement approved by the court in accordance with Section 13(b), between an alleged or presumed father and the mother of the child, does not bar an action under this section.
“(e) If an action under this section is brought before the birth of the child, all proceedings shall be stayed until after the birth, except service of process and the taking of depositions to perpetuate testimony.”
[[Image here]]

The Alabama Uniform Parentage Act

“ § 26-17-6. Action to determine father and child relationship; who may *494 bring action; when action may be brought; stay until birth; adopted children.
“(a) A child, a child’s natural mother, or a man presumed to be the child’s father under subdivision (1), (2), or (3) of Section 26-17-5(a), may bring an action within five years of the birth of said child for the purpose of declaring the existence of the father and child relationship presumed under subdivision (1), (2), or (3) of Section 26-17-5(a); or
“(b) Any interested party may bring an action at any time for the purpose of determining the existence or non-existence of the father and child relationship presumed under subdivision (4) or (5) or (6) of Section 26-17-5(a).
“(c) An action to determine the existence of the father and child relationship with respect to a child who has no presumed father under Section 26-17-5 may be brought by the child, the mother, or personal representative of the child, the public authority chargeable by law with support of the child, the personal representative or a parent of the mother if the mother has died, a man alleged or alleging himself to be the father, or the personal representative or a parent of the alleged father if the alleged father has died or is a minor.
“(d) If an action under this section is brought before the birth of the child, all proceedings shall be stayed until after the birth, except service of process and the taking of depositions to perpetuate testimony.
“(e) If the child has been adopted, an action may not be brought.”
Section 6 of the UPA allows a challenge to a father-and-child relationship presumed because of the father’s marriage to the child’s mother; § 26-17-6(a), Ala.Code 1975, does not. The Commentary to § 6 of the UPA explains the reason for allowing such a challenge but for restricting the time within which the challenge can be brought:
“This section consists of two major parts. Subsections (a) and (b) deal with the action to declare or dispute the existence of the father and child relationship presumed [as a consequence of the child’s birth during the marriage of its mother and her husband]. Attack on the presumptions based on marriage or on a relationship that resembles marriage is restricted to a limited circle of potential contestants and in point of time. Presumptions created in other circumstances may be attacked more freely.”
(Emphasis added.)
I think § 6 of the UPA states a more desirable goal than § 26-17-6, the corresponding section of the AUPA. It makes sense, as a matter of sound public policy, for a woman to have a mechanism by which she can challenge the presumption that a man to whom she was married is the biological father of her child. It makes even more sense to have a short limitations period for mounting such a challenge. “[T]he presumption that the husband of the mother of a child born during the marriage is the father of that child is ... one of the strongest presumptions known to the law.” Ex parte Presse, 554 So.2d at 413.
“The primary policy rationale underlying the common law’s severe restrictions on rebuttal of the [marriage] presumption appears to have been an aversion to declaring children illegitimate, thereby depriving them of rights of inheritance and succession, and likely making them wards of the state. A secondary policy concern was the interest in promoting the ‘peace and tranquillity of States and families,’ a goal that is obviously impaired by facilitating suits against hus *495 band and wife asserting that their children are illegitimate.”
Ex parte Presse, 554 So.2d at 416 (internal citations omitted). Because of the strength of the marriage presumption, one who wishes to challenge the presumed paternity of a child born during a marriage should have a very limited time in which to make the challenge. I cannot imagine that the average Alabamian would countenance an unlimited period of time within which the offspring of a marriage might be dislocated from the only father he has ever known and introduced to a new one.
The outcome of the case before us hinges on whether we acknowledge that, in § 26-17-6, Alabama has departed from the official text of the UPA, as drafted by the National Conference of Commissioners on Uniform State Laws. “A review of the [Uniform] Act will indicate that it is one interlocking and interdependent piece of legislation that does not lend itself to being enacted in part.” See 1973 U.P.A., Prefatory Note, 9B Uniform Laws Annotated 289 (1987). Alabama’s departure from the UPA represents an illogical and unfair restriction on the right to challenge a presumed paternity relationship. I urge our Legislature to amend § 26-17-6(a) to be consistent with the UPA on which it was modeled, by altering it to read as follows:
“A child, a child’s natural mother, or a man presumed to be its father under subdivision (1), (2), or (3) of Section 26-17-5(a) may bring an action within five years of the birth of said child for the purpose of declaring the non-existence of the father and child relationship presumed under subdivision (1), (2), or (3) of Section 26-17-5(a).”